UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:17-cv-00470-EBA

LIBBY LYNNE WALTERS,                                                           PLAINTIFF,

V.                 **MEMORANDUM OPINION
AND ORDER**

NANCY A. BERRYHILL, *in her
official capacity as the Acting
Commissioner of the Social
Security Administration*,                                    DEFENDANT.

Plaintiff, Libby Lynne Walters, brings this action under 42 U.S.C. § 405(g) to challenge Defendant Commissioner's final decision denying Plaintiff's application for Social Security Disability Insurance Benefits and Supplemental Security Income. [R. 1; R. 14-1, at 1]. This matter has been referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. [R. 17]. The specific matters currently before this Court include Plaintiff's Motion for Summary Judgment [R. 14] and Defendant's responsive Motion for Summary Judgment [R. 19]. Both matters are now ripe for decision, and, for the reasons discussed below, Plaintiff's Motion for Summary Judgment [R. 14] will be granted, and Defendant's Motion for Summary Judgment [R. 19] will be denied. Accordingly, the Court will reverse the Defendant Commissioner's decision to deny Plaintiff's disability claims and remand this matter for further administrative proceedings in accordance with this order.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. [R. 10-1, at 25]. Also on March 20, 2014, Plaintiff filed a Title XVI application for supplemental security income. *Id.* In both applications, Plaintiff alleged her disability began on October 25, 2012. *Id.* On June 11, 2014, Plaintiff's claims were denied for the first time. *Id.* On February 20, 2015, Plaintiff's claims were denied for the second time. *Id.* On July 21, 2016, an additional hearing was held. *Id.* On October 3, 2016, Plaintiff's claim was denied for the third time. *Id.* at 25-34. Plaintiff then filed an administrative appeal; however, on October 13, 2017, the Appeals Council denied Plaintiff's request for review. *Id.* at 5. Having exhausted her administrative remedies, on December 1, 2017, Plaintiff sought review through an action in this Court. [R. 1].

On May 8, 2018, pursuant to Federal Rule of Civil Procedure 56(a), Plaintiff filed the present Motion for Summary Judgment [R. 14], with an accompanying Memorandum in Support [R. 14-1], arguing, "The ALJ's finding, at step 4 of the sequential analysis, that Plaintiff can return to "past relevant work" is contrary to law; in the absence of step 5 findings, remand is the only appropriate disposition of this case." *Id.* at 1.

Responding to Plaintiff's Motion for Summary Judgment [R. 14], on June 7, 2018, Defendant filed a Motion for Summary Judgment pursuant to Rule 56(a) [R. 19] arguing, in summary, "The ALJ appropriately relied on a vocational expert and the *Dictionary of Occupational Titles* (DOT) to find that Plaintiff could perform past relevant work." [R. 19, at 3].

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a reviewing court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted).

The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citations omitted). The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's Decision [R. 10-1, at 81-91] "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 (citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citations omitted). "In determining whether the Secretary's factual findings are supported by substantial evidence, [the Court] must examine the evidence in the record 'taken as a whole . . . .'" *Wyatt v. Secretary of Health and Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (citing *Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980)). Additionally, the Court "'must take into account whatever in the record fairly detracts from its weight.'" *Wyatt,* 974 F.3d at 683 (citing *Beavers v. Secretary of Health, Educ. & Welfare,* 577 F.2d 383, 387 (6th Cir. 1978). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted). "If the Secretary's findings are supported

by substantial evidence, then we must affirm the Secretary's decision even though as triers of fact we might have arrived at a different result." *Elkins v. Secretary of Health & Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

## **DISCUSSION**

Under the Social Security Act, the term "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). A five-step sequential evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. In summary, the five-step sequential evaluation process is as follows:

> The first step is to determine whether the claimant is engaged in significant gainful activity. 20 C.F.R. § 416.920(b). If not, the second step is to determine whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." § 416.920(c). If there is a severe impairment, the third step is to determine whether the impairment meets or exceeds the criteria of one of the listed impairments in Appendix 1. § 416.920(d). If the claimant does not satisfy one of the listings, the [fourth step] is to determine whether the claimant's impairment prevents him from performing his past relevant work. § 416.920(e). If it does not, the claimant is found not disabled. [At the fifth step,] [i]f the impairment prevents a return to former work, the claimant's residual functional capacity must be determined, *id.,* and it is then considered in conjunction with the claimant's age, work experience and education in order to ascertain whether the impairment or combination of impairments prevents the claimant from doing other work. § 416.920(f); *see also* Subpart P, Appendix 2, Tables 1–3.

*Williamson v. Secretary of Health and Human Services,* 796 F.2d 146, 149 (6th Cir. 1986); *see also* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

The claimant "bear[s] the burden at step one of showing that he is not working, at step two that he has a medically severe impairment or combination of impairments, and at step four that the impairment prevents him from performing his past work." *Bowen v. Yuckert,* 482 U.S. 137, 146 n.

4

5 (1987). "[T]he Secretary bears the burden of proof at step five, which determines whether the claimant is able to perform work available in the national economy." *Id.*

Since the Parties' cross motions for summary judgment [R. 14; R. 19] concern the same facts, the Court will consider the Parties' Motions [R. 14; R. 19] together. The sole issue before the Court is whether the ALJ's Decision [R. 10-1, at 25-34] that Plaintiff was capable of performing her past relevant work as a sewing machine operator was supported by substantial evidence. [R. 14-1].

## **I. WHETHER THE ALJ'S DECISION WAS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff argues that since her position as a sewing machine operator was a "composite job" comprised of the combined duties of a sewing machine operator and a bundle boy, the ALJ erred in her step four finding by deciding Plaintiff could perform her past job as a sewing machine operator "as generally performed." [R. 14-1, at 4]. The fourth step of the five-step sequential evaluation requires that "[i]f [a claimant] can still do [her] past relevant work, [the ALJ] will find that [she] [is] not disabled." 20 C.F.R. § 416.920(a)(4)(iv). Pursuant to the Social Security Administration's policy:

> Under sections 404.1520(e) and 416.920(e) of the regulations, a claimant will be found to be "not disabled" when it is determined that he or she retains the RFC to perform:
> 1. The actual functional demands and job duties of a particular past relevant job; *or*
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982).

In the present case, the ALJ found Plaintiff "has the residual functional capacity [("RFC")] to perform a limited range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b)." [R. 10-1, at 29]. Specifically, the ALJ found:

5

>[Plaintiff] is able to lift or carry up to 20 pounds occasionally or 10 pounds frequently; can stand or walk for up to four hours of an eight-hour workday or sit for up to six hours of an eight-hour workday; can occasionally climb stairs or ramps but cannot climb ladders or scaffolds; and can frequently stoop or crouch, occasionally kneel, but not crawl.

*Id.*

In making her decision, the ALJ considered the testimony of a vocational expert who found "[Plaintiff's] past work is described as semi-skilled work at the light level of exertion, which [Plaintiff] actually performed at the medium level of exertion." [R. 10-1, at 32]. When asked whether a hypothetical worker similar to Plaintiff would be able to perform Plaintiff's past work, the vocational expert stated that the hypothetical worker would be able to perform the job as generally performed, which, under the DOT, was classified as light exertional work. *Id.* at 80. However, the vocational expert asserted the hypothetical worker would not be able to perform the job as actually performed because Plaintiff carried as much as fifty (50) pounds of fabric, performed at the medium level of exertion, and bending and squatting would prove problematic. *Id.* at 76-77, 80-81. Defendant asserts, "The ALJ compared the vocational expert's testimony to the DOT and its companion volume, *Selected Characteristics of Occupations* (SCO), and found it consistent." [R. 19, at 4 (citing [R. 10-1, at 33])].

>When determining whether a claimant can do their past relevant work:
>
>[The ALJ] may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence [they] need to help [them] determine whether [a claimant] can do [their] past relevant work, given [their] residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's

> previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1560(b)(2). Additionally, in general, "VE testimony is not a requirement at step 4, but . . . VE testimony may be obtained at step 4 to provide evidence to help us determine whether or not an individual can do his or her past relevant work." Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of "Special Profile" Into Regulations, 68 Fed. Reg. 51153, 51160, 2003 WL 22001943 (Aug. 26, 2003). However, "[i]t may be necessary to utilize the services of a vocational expert ("VE") in situations involving a composite job." *Johnson v. Commissioner of Social Security,* No. 17-CV-10852, 2018 WL 1835705, at *1 (E.D. Mich. Apr. 18, 2018) (citing SSR 82-61, 1982 WL 31387).

Here, as previously mentioned, Plaintiff argues her job as a sewing machine operator was a composite job comprised of the duties of a sewing machine operator and those of a bundle boy. [R. 14-1, at 4]. According to Plaintiff's argument, since Plaintiff performed a composite job, she could not perform her past work either as actually performed or as generally performed.

Regarding whether Plaintiff could perform her past work as actually performed, Plaintiff argues that since Plaintiff's alleged composite job required Plaintiff to perform the duties of a bundle boy, including lifting up to fifty (50) pounds at a medium exertional level, Plaintiff could not perform her past work as actually performed. *Id.* at 4-5. Plaintiff asserts it is undisputed that Plaintiff cannot perform her past work as actually performed. *Id.* at 4 (citing [R. 10-1, at 33]). Moreover, Plaintiff states, "[T]he ALJ's own findings acknowledge that she cannot perform the job as she performed it." [R. 14-1, at 5 (citing [R. 10-1, at 33]). However, the ALJ actually found, "[T]he claimant is able to perform her past relevant work either as it is generally performed, or as she herself performed it." [R. 10-1, at 33].

7

As for performing Plaintiff's past job as generally performed, Plaintiff argues, "[T]here is no such thing as a composite job 'as-generally-performed' . . . ." [R. 14-1, at 4]. As Defendant correctly asserts, "The agency defines a 'composite job' as one 'hav[ing] significant elements of two or more occupations and as such, hav[ing] no counterpart in the DOT. The claimant's [past relevant work] may be a composite job if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant." [R. 19, at 5 (citing Social Security Administration Program Operations Manual (POMS), DI 25005.020(B), http://policy.ssa.gov/poms.nsf/lnx/0425005020 (last visited Jun. 21, 2018))]; *see also* SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982). Additionally, the Social Security Administration's policy states, "A composite job does not have a DOT counterpart, so do not evaluate it at the part of Step 4 considering work 'as generally performed in the national economy.'" POMS, DI 25005.020(B). "When comparing the claimant's RFC to a composite job as the claimant performed it, [the ALJ may] find the claimant capable of performing the composite job only if he or she can perform all parts of the job." *Id.*; *see also Johnson v. Comm'r of Soc. Sec.*, No. 17-10852, 2017 U.S. Dist. LEXIS 220277, at *19 (E.D. Mich. Dec. 20, 2017) (citing *Burgess v. Soc. Sec. Admin.*, No. 3:15-CV-00701, 2016 U.S. Dist. LEXIS 136395, 2016 WL 5800467, at *4 (M.D. Tenn. Sept. 30, 2016) ("[A]n adjudicator can deny a claim at step 4 where the claimant remains capable of performing a composite job 'as actually performed,' but an ALJ is not permitted to make an adverse step 4 finding that the claimant remains capable of performing a composite job 'as generally performed.'")). "An ALJ 'may not deem a claimant capable of performing past relevant work by dividing the demand of a composite job into separate jobs and finding him capable of performing the less demanding of the two jobs.'" *Hansen v. Colvin,* No. 13-13348, 2014 WL 5307133, at *8 (E.D. Mich. Oct. 16, 2014) (citing *Henson v. Colvin*, No. 12-3053, 2014 U.S. Dist. LEXIS 33496,

*10-11 (E.D. La. Feb. 18, 2014) *adopted by* 2014 U.S. Dist. LEXIS 33494 (E.D. La. Mar. 11, 2014) (collecting cases)).

When the ALJ initially asked the vocational expert to identify Plaintiff's past work, the vocational expert answered, "It's listed in the DOT as a Sewing Machine Operator II." [R. 10-1, at 75-76]. The vocational expert continued by asserting that according to the DOT, Plaintiff's sewing operator position is light in exertion. *Id.* at 76. However, the vocational expert posited that "[Plaintiff] has performed it basically at medium just because of those bundles and the lack of reliable help from a bundle boy to carry those 50-pound bundles of fabric." *Id.* Later in Plaintiff's hearing, Plaintiff's counsel for the hearing asked the vocational expert, "So considering that she had to do [the bundle boy] job also, would that be considered a composite job?" *Id.* at 86. The vocational expert answered, "Yeah. Because they're defined as two different things in the DOT and they wouldn't have a separate person that was totally devoted to going and getting bundles if it weren't something that they recognized was a separate task." *Id.* Then, the ALJ interjected by asking the vocation expert, "Is it typical for a sewing machine operator to have the materials that they're going to be sewing provided for them?" *Id.* at 86. The vocational expert replied, "Not always," adding that "it's not unusual" for a sewing machine operator to have to take some steps to collect the parts that they will be sewing. *Id.* at 86-87. When asked specifically by the ALJ whether "[g]oing to collect the materials that you're going to be sewing is part of the sewing machine operator job[]," the vocational expert answered, "Yes, Your Honor." *Id.* at 87.

Defendant argues, "The flaw with Plaintiff's argument is that the ALJ had a reasoned basis for failing to view Plaintiff's past work as a composite job." [R. 19, at 5]. Specifically, relying on the general policy that vocational expert testimony is not required at step four, Defendant argues:

> Even if the "composite job" statement was a valid response to the specific question asked—which assumed that plaintiff was fulfilling the job duties of both a sewing

machine operator and a bundle boy—the ALJ was free to reject that
characterization of Plaintiff's past relevant work based on the record as a whole.

*Id.* at 6 (citing 68 Fed. Reg. at 51159, 2003 WL 22001943). Defendant insists there is substantial evidence, including the remainder of the vocational expert's testimony, showing "the only meaningful difference between the job of sewing machine operator as performed by Plaintiff versus as generally performed pertained to the strength demands." [R. 19, at 6]. Defendant argues, "While this provides a basis for finding Plaintiff could not return to her past relevant work as actually performed, it does not convert Plaintiff's job into a 'composite job.'" *Id.* (citing POMS, DI 25005.020(B); SSR 82-61, 1982 WL 31387, at *2). To support this argument, Defendant cites to one of three possible tests for determining whether a claimant retains the capacity to perform their past relevant work, as provided in SSR 82-61. [R. 19, at 7 (citing SSR 82-61, 1982 WL 31387, at *2)]. In full, the cited test reads as follows:

> Whether the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy. (The *Dictionary of Occupational Titles* (DOT) descriptions can be relied upon--for jobs that are listed in the DOT -- to define the job as it is *usually* performed in the national economy.) It is understood that some individual jobs may require somewhat more or less exertion than the DOT description.
>
> A former job performed in by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

SSR 82-61, 1982 WL 31387, at *2.

However, the present case is distinguishable from the scenario found in SSR 82-61 because Plaintiff was not merely performing her job as a sewing machine operator at a higher exertional

10

level than what was described in the DOT. Instead, in addition to Plaintiff performing her job duties as a sewing machine operator, she was performing the job duties of a bundle boy.

In *Tipton v. Commissioner of Social Sec.,* 2015 WL 3505513, at *8 (S.D. Ohio Jun. 3, 2015), "[p]laintiff testified that she routinely lifted and transported patients in addition to performing duties of a radiology clerk." *Tipton,* 2015 WL 3505513, at *8. The *Tipton* Court found the ALJ erred by not considering the plaintiff's past relevant work as a composite job because "it was incorrect to characterize [the plaintiff's] past relevant work as consisting only of radiology clerk," when she, in fact, also performed the duties of a patient transporter." *Id.*

Like the Plaintiff in *Tipton*, the Plaintiff in the present case "did not simply perform a single job in an atypical fashion; she performed two different jobs in the typical manner each is normally performed." *Id.* In addition to Plaintiff's duties as a sewing machine operator, Plaintiff also lifted 50-pound bundles of fabric and carried the bundles to her workstation, which are the duties of a bundle boy. Since the ALJ's Decision [R. 10-1, at 25-34] failed to consider Plaintiff's past relevant work as a composite job and incorrectly described Plaintiff's past relevant work only as a sewing machine operator, despite Plaintiff also having performed the duties of a bundle boy, the ALJ's Decision [R. 10-1, at 25-34] was unsupported by substantial evidence.

Additionally, in *Hansen*, "the [vocational expert] specifically testified that Hansen's past relevant work was a combination of sewing supervisor and seamstress, supporting a finding that the position was a composite job." *Hansen*, 2014 WL 5307133, at *8. "The [vocational expert] further testified that, given the ALJ's RFC assessment, Hansen could perform the job of sewing supervisor, but could not perform the job of seamstress." *Id.* Accordingly, in *Hansen*, the Court found, "[T]he ALJ erred in finding at Step Four that Hansen could perform her past relevant work." *Id.*

Like the vocational expert in *Hansen*, the vocational expert in the present case testified that Plaintiff's past relevant work was a composite job. Here, Plaintiff's composite job was a combination of sewing machine operator and bundle boy. The ALJ determined Plaintiff could perform the job of sewing machine operator, but the ALJ failed to even mention the job of bundle boy. In contradiction to the *Hansen* Court's finding that an ALJ may not "'divid[e] the demand of a composite job into separate jobs and [find the claimant] capable of performing the less demanding of the two jobs,'" the ALJ in the present case has done just that. *Hansen,* 2014 WL 5307133, at *8. Therefore, the ALJ erred in finding at step four that Plaintiff could perform her past relevant work as a sewing machine operator without also considering Plaintiff's duties as a bundle boy. Also like *Hansen*, since the ALJ in the present case did not make an alternate step five finding, the ALJ's decision will be reversed and remanded for further consideration consistent with this Order. *Id.*

## **CONCLUSION**

Pursuant to 42 U.S.C. § 405(g), this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citations omitted). This Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993) (citations omitted). Those determinations are left to the ALJ. *Id.* Here, the ALJ's Decision [R. 10-1, at 81-91] must be reversed because in making her Decision [R. 10-1, at 25-34], the ALJ failed to consider Plaintiff's past relevant work as a composite job consisting of the duties of both a sewing machine operator and bundle boy. For those reasons,

Plaintiff's Motion for Summary Judgment [R. 14] must be granted, and Defendant's Motion for Summary Judgment [R. 19] must be denied.

Thus, for the reasons discussed, based on the undisputed facts,

IT IS ORDERED AS FOLLOWS:

1. Plaintiff's Motion for Summary Judgment [R. 14] is hereby GRANTED;

2. Defendant's Motion for Summary Judgement [R. 19] is hereby DENIED;

3. Defendant Commissioner's decision denying Plaintiff's disability claim is hereby REVERSED;

4. Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby REMANDED to the Commissioner for further proceedings consistent with this opinion; and

5. This matter is hereby STRICKEN from the active docket of this Court, to be restored to the active docket upon motion by any party for good cause shown.

This the 5th day of July, 2018.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge